Courtney LOVELACE; Charles Stevenson; Robert Williams; Franz Williams, Appellees,

v.

Paul DELO; Don Roper; Charles Harris; Allen Luebbers; Greg Conaway; Greg Wilson; Larry Youngman; Fred Johnson; Del Casby, Caseworker; Mike Rawson; Dick Moore; William Armontrout, Appellants.

Missouri Department of Corrections; Missouri Department of Corrections, Disciplinary Committee; Missouri Department of Corrections, Adjustment Board, Defendants.

No. 94–3070.

United States Court of Appeals, Eighth Circuit.

Submitted Jan. 11, 1995.

Decided Feb. 8, 1995.

Christina Maria Murphy, St. Louis, MO (Jeremiah W. (Jay) Nixon, John R. Munich and Christina M. Murphy, on the brief), for appellants.

Jeffrey T. Demerath, St. Louis, MO, for appellees.

Before WOLLMAN, Circuit Judge, BRIGHT, Senior Circuit Judge and MURPHY, Circuit Judge.

PER CURIAM.

Courtney Lovelace, Robert Williams, Franz Williams and Charles Stevenson, inmates at the Potosi Correctional Center, brought this § 1983 action against several employees of the Missouri Department of Corrections, alleging various due process violations in connection with disciplinary proceedings instituted after a prison riot. The state defendants moved for summary judgment and to stay discovery pending the district court's determination of whether the defendants are entitled to qualified immunity. The district court[1] denied the motion to stay discovery. We affirm.

I.

On August 16, 1992, a riot occurred at the Potosi Correctional Center. Immediately thereafter, several inmates, including the named plaintiffs, were placed in temporary administrative confinement and issued conduct violations for their alleged involvement in the riot. On September 21, 1992, each plaintiff appeared before a disciplinary hearing officer who referred their case to the Adjustment Board after determining their alleged violations to be "major." At the Adjustment Board hearing, held on September 28, 1992, the Board found plaintiffs guilty and sanctioned them. Plaintiffs then sought to have the Board's decision reversed upon

internal review, but such attempts proved unavailing.

Plaintiffs then filed this § 1983 action pro se, alleging that the prison officials violated their due process rights by not conducting impartial hearings, by not allowing the plaintiffs to call witnesses on their behalf, and by basing the plaintiffs' guilt on insufficient evidence. Appointed counsel subsequently contacted the assistant attorney general and repeatedly attempted to schedule depositions of the defendants. Unsuccessful, plaintiffs' counsel by late June 1994 had secured little evidence to support plaintiffs' constitutional claims. On June 30, 1994, the state defendants moved for summary judgment on the ground that no due process rights had been violated and that they are entitled to qualified immunity. On the same day, defendants also moved to stay discovery until the court decided the issue of defendants' entitlement to qualified immunity. The district court denied defendants' motion to stay discovery and the correctional officials filed this appeal.

II.

The correctional officials' primary contention on appeal is that to allow discovery now—before the district court rules on defendants' qualified immunity defense—would defeat the very purpose behind the defense of qualified immunity. Citing the Supreme Court's decision in *Harlow v. Fitzgerald*, 457 U.S. 800, 814, 817–18, 102 S.Ct. 2727, 2737–38, 73 L.Ed.2d 396 (1982), the defendants correctly note that qualified immunity operates to protect governmental officials from both the burdens of trial and discovery. However, if the plaintiffs' allegations state a claim of violation of clearly established law and the parties disagree as to what actions the law enforcement officers took, discovery may be appropriate for the limited purpose of addressing the issue of qualified immunity. *Anderson v. Creighton*, 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 3042 n. 6, 97 L.Ed.2d 523 (1987); *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985). We believe that is the situation here.

---

1. The Honorable Donald J. Stohr, United States District Judge for the Eastern District of Missouri.

## III.

Consequently, the district court did not abuse its discretion in allowing the discovery to proceed. We therefore affirm the district court's order, noting, however, that discovery sought at this stage is limited to circumstances surrounding the question of qualified immunity.[2]

---

**2.** We note that in the motion for summary judgment the defendants asserted that the complaint alleges insufficient facts to demonstrate a violation of constitutional rights, and they reassert that claim in this appeal. Thus, defendants claim entitlement to a judgment of dismissal on their motion for summary judgment on qualified immunity.

The plaintiffs have filed their complaint pro se. They now have counsel. Whether the existing complaint contains adequate allegations of constitutional violations giving rise to a cause of action under 42 U.S.C. § 1983 or whether the complaint may be amended by plaintiffs' attorney presents matters to be addressed on remand by the district court. We presume that some discovery may be necessary to clarify the constitutional claims, but we leave that determination to be resolved on remand.